Samuel, Appellant, *v.* Sota.

*Appeals—Jurisdiction—Amount in controversy—Supreme Court—Superior Court.*

1. An appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense lies to the Superior Court where the amount claimed in the plaintiff's statement is under $1,500, although a counterclaim set up in the affidavit of defense for breach of another and distinct contract is for an amount in excess of $1,500 and although the establishment of the counterclaim at the trial would entitle the defendant to a certificate for an amount in excess of $1,500 even should plaintiff's entire claim be allowed.

2. Under the Act of May 5, 1899, sec. 4, P. L. 248, the test of jurisdiction where the plaintiff fails to recover anything is the amount "claimed in the statement of claim or declaration."

Argued March 23, 1909. Appeal, No. 353, Jan. T., 1908, by plaintiffs, from order of C. P. No. 4, Phila. Co., Sept. T., 1908, No. 282, discharging rule for judgment for want of a sufficient

affidavit of defense in case of Frank Samuel and Silas M. Tomlinson, trading as Frank Samuel, *v.* Sota & Aznar, trading as Sota & Aznar.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Appeal remitted to Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.   Before AUDENRIED, J.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Lewis Lawrence Smith,* for appellants.

*Stevens Heckscher,* of *Duane, Morris & Heckscher,* for appellees.

OPINION BY MR. JUSTICE FELL, April 12, 1909:

The question of jurisdiction was not raised by the appellees, but it is incumbent upon us to notice it.   The appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense.   It appears from the plaintiffs' statement of claim that the action was brought to recover the sum of $766, the amount of overpayment for iron ore bought by the plaintiffs from the defendants.   The correctness of the claim made and the defendants' liability are expressly admitted in the affidavit of defense; but the defendants set up a counterclaim for $2,379 for the breach of another contract entirely distinct from the one on which suit is brought.   The validity of the counterclaim, under the facts alleged in the affidavit of defense, is the only matter in controversy, and the establishment of the claim at the trial would entitle the defendants to a certificate for an amount larger than the jurisdictional limit of the Superior Court.   This does not, however, affect the question of jurisdiction.

Where the jurisdiction of the Superior Court depends upon the amount in controversy, the mode by which the amount shall be determined is fixed by sec. 4 of the Act of May 5, 1899, P. L. 248, which provides, inter alia, that: "In any suit, distri-

bution or proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy; but if he recovers nothing, the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim or declaration." The question of jurisdiction is thus fixed by the act of assembly and the test, where the plaintiff fails to recover anything, is the amount of his claim as declared upon.

The appeal is remitted to the Superior Court.